UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COPLEY HEALTH CARE PARTNERSHIP, <br><br> Plaintiff, <br><br> v. <br><br> XAVIER BECERRA, in his official capacity as SECRETARY OF THE UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, <br><br> Defendant. | Civil Action No. 21-12067 |

## COMPLAINT

Plaintiff, Copley Health Care Partnership ("Copley Health Care"), by and through its undersigned counsel, hereby files this Complaint against Defendant, Xavier Becerra, in his official capacity as the Secretary of the United States Department of Health and Human Services ("the Secretary"), for an Order: (1) reversing the final decision of the Secretary in connection with a decision of the Medicare Appeals Council ("the Council") on Council docket number M-21-4027 and Administrative Law Judge ("ALJ") appeal number 3-9373907732R1 (the "Final Decision"); and (2) remanding the case for the sole purpose of ordering the payment of benefits.

*Parties*

1. Plaintiff Copley Health Care is a corporation organized under the laws of the Commonwealth of Massachusetts with its principal place of business located at 380 Sumner Street, Stoughton, Massachusetts.

2. Defendant Xavier Becerra is sued in his official capacity as the Secretary and is the proper Defendant in this action pursuant to 42 C.F.R. § 405.1136(d).

*Jurisdiction And Venue*

3. Venue is proper pursuant to 42 U.S.C. § 1395ff(b), because Plaintiff's principal place of business is located in this judicial district.

4. The amount in controversy exceeds the jurisdictional amount set forth in 42 U.S.C. § 1395ff(b)(E)(i).

5. This action has been commenced within 60 days of the final agency decision dated October 20, 2021, as mandated by 42 C.F.R. §§ 405.1130.

*Factual Background*

6. Enacted in 1965 as Title XVIII of the Social Security Act, 42 U.S.C. §1395 et seq., Medicare provides health care coverage to individuals who are either age 65 or over or have long-term disabilities or specified medical conditions. Through Parts A and B, Medicare provides coverage for in-patient hospital stays, skilled nursing facility ("SNF") services, doctor and clinic visits, and certain other reasonable and necessary services and items.

7. An elderly person with a history of various medical concerns (the Beneficiary) began a benefit period at Copley Health Care in January 2019 that continued through July 2019. All 100 SNF benefit days were exhausted in July 2019.

8. For more than sixty (60) days after SNF benefits were exhausted, the Beneficiary did not have an inpatient hospitalization. Nor did the Beneficiary receive SNF services.

9. After the conclusion of the aforementioned 60-day period, the Beneficiary was seen for 3 days in a hospital.

10. On October 9, 2019, which was immediately after the hospital stay, the Beneficiary was admitted to Plaintiff's SNF on October 9, 2019 and received such services through October 22, 2019.

11. Plaintiff sought Medicare coverage for SNF services that it provided to the Beneficiary from October 9, 2019, to October 22, 2019.

12. A Medicare Administrative Contractor (the "MAC") denied Medicare coverage, both initially and on redetermination, on the basis that no benefit days were available for the Beneficiary on the dates of service at issue. Specifically, the MAC found on redetermination that the Beneficiary had used all 100 days of post hospital extended care benefits by July 7, 2019.

13. Plaintiff sought review of the denial, and the Qualified Independent Contractor ("QIC") conducted a hearing and issued a favorable decision for the Plaintiff on August 17, 2020. On October 7, 2020, the QIC reopened its decision and on November 19, 2020, the QIC reversed its decision, holding that there were no further benefit days available. Specifically, the QIC found that the Beneficiary had used 100 SNF days beginning on January 21, 2019, through July 31, 2019.

14. Plaintiff sought a review of the QIC's decision. An HHS Administrative Law Judge (ALJ) conducted a hearing and issued a decision on June 3, 2021, finding that the SNF services provided by the Plaintiff to the Beneficiary from October 9, 2019, to October 22, 2019, were covered by Medicare. Specifically, the ALJ held that the record showed evidence of a 3-day hospital stay prior to the dates of service at issue, as well as 60 consecutive days without inpatient hospitalization or usage of SNF services. The ALJ also found that the record satisfied the Medicare requirements regarding the therapy services and the appropriateness of the skilled services.

15. The Centers for Medicare & Medicaid Services ("CMS") referred the ALJ's decision to the Council, requesting that the Council review the ALJ's decision on the basis that the decision is based on an error of law material to the outcome of the claim.

16. In a decision issued on October 20, 2021, the Council found that the ALJ erred as a matter of law by not fully applying the relevant regulations concerning the end of a benefit period

and the start of a new benefit period. The Council held that this error was material to the outcome of the claim because the medical record did not show that the 60-day requirement for the end of a benefit period was satisfied or that there was a qualifying 3-day inpatient hospital stay.

17. The Council concluded that Medicare did not cover the SNF services at issue and reversed the ALJ's decision.

18. The Plaintiff seeks review and reversal of the Secretary's Final Decision pursuant to 42 U.S.C. § 1395ff(b) of the Social Security Act.

19. The Council's decision, which is the final decision of the Secretary for the purposes of this lawsuit, was not supported by substantial evidence, was wrong as a matter of law, was arbitrary and capricious, and should be reversed and remanded solely for the purpose of calculating and paying benefits.

*Prayers For Relief*

WHEREFORE, the Plaintiff respectfully requests that this Court:

1. Find that the Final Decision of the Secretary was not supported by substantial evidence, or was arbitrary and capricious;

2. Find that the Final Decision of the Secretary was not substantially justified;

3. Reverse the Final Decision of the Secretary;

4. Remand the case to the Secretary with instructions that all benefits be paid in full;

5. Award Plaintiff its legal fees and costs in this action; and

6. Award Plaintiff such other and further relief as this Court deems just and proper.

Respectfully Submitted,

For the Plaintiff,

COPLEY HEALTH CARE PARTNERSHIP,

By its Attorney,

/s/ Richard Goldstein
Richard Goldstein, BBO No. 565482
**HUSCH BLACKWELL LLP**
One Beacon Street, Suite 1320
Boston, MA 02108-3106
Direct: 617-598-6740
Mobile: 617-938-3500
Fax:  617-720-5092

Dated: December 21, 2021

4882-7809-4853 v.1